IN THE MATTER OF THE APPLICATION OF ANTO-
NIO FEREARA SERENO, for a Writ of Mandamus
against J. H. S. KALEO, District Magistrate of Hana,
Maui.

HEARING, MARCH 28, 1893.            DECISION, APRIL 11, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Petitioner was convicted in a District Court of a misdemeanor and fined.
He paid the costs, and his attorney stated in Court, " We will
appeal," and paid $1.10, the cost of the certificate of appeal. No
Court was stated to which petitioner wished to appeal. By statute
appeals must be perfected in ten days after judgment. After the
lapse of twelve days the attorney went to the Magistrate to have
his appeal completed. The Magistrate declined to grant the certi-
ficate, and the attorney received back the $1.10, costs of certificate.
Held, on this showing, that this Court is not authorized to order
the Magistrate to allow the appeal.

Rights lost by negligence of an attorney cannot be restored by the
Court.

The remedy is by action against the attorney.

OPINION OF THE COURT, BY JUDD, C.J.

The substantial facts of this case we find to be as follows:
On the 10th August, 1892, the petitioner was arrested on a
charge of selling spirituous liquors without a license. He
deposited cash bail $100 with the Deputy Sheriff. The case
was heard by the respondent as District Magistrate of Hana,
Maui, on the 13th and 15th of August. The Magistrate found
petitioner guilty, and on the 15th August sentenced him to
pay a fine of $100 and costs $7.40. The bail money was
handed by the Deputy Sheriff to the Magistrate as the fine
imposed, the petitioner paid the costs $7.40, and his attor-
ney, S. W. Kaai, Esq., announced to the Court: "We will
appeal," and paid $1.10, the costs of the certificate of appeal.

There was some conversation between petitioner and his attorney as to the Court to which the appeal had better be taken, Sereno wishing it to go to the Circuit Court to be held at Lahaina in December, and Mr. Kaai preferring it to go to Circuit Judge Kepoikai at Chambers. Mr. Kaai says he preferred the latter Court as his license permitted him to practice there, but not in the Circuit Court. This conversation was not in the hearing of the Court. The Deputy Sheriff and the Magistrate both say that no Court was designated as the one to which the appeal was to be taken. Mr. Kaai then stated to the Court that he would tell the Court within the statutory five days which Court he appealed to. Five days are allowed by law in which to note an appeal, which must be perfected within ten days from the judgment. This time would therefore expire on the 25th August. On the 27th Mr. Kaai came to the Magistrate to complete his appeal. The Magistrate told him the time had expired, and declined to grant the certificate. On the 30th Mr. Kaai took back from the Magistrate the $1.10 costs of appeal certificate, and receipted for it. This he had no right to do; but later on he tendered this sum to his client, the petitioner, who declined to receive it. At the end of the month the Magistrate got the $100 fine from the Deputy Sheriff, who had been holding it as bail for the further appearance of the petitioner on appeal, and remitted it to the Treasury. The writ was sued out on the 21st March last. On this showing we are asked by the petitioner to order the District Magistrate to grant the appeal to the Circuit Judge at Chambers, on the ground that the petitioner had done all that was required of him to entitle him to his appeal, and that he should not suffer from the negligence of his attorney.

We cannot agree with this. An attorney is the mouthpiece of his client, the agent which the Court and the client look to in the transaction of business before the Court. A legal right lost by negligence of an attorney cannot be restored by the Court. Mr. Kaai should have designated the Court to which the appeal was intended to be taken. He

gives no valid excuse why he delayed this until the ten days had elapsed.

It is always a matter of regret when the Court is unable, from negligence of an attorney to do justice to a party. But the statute respecting appeals was not complied with and we cannot make shipwreck of the law on account of the hardship of this case. A party injured by the negligence of his attorney has his remedy in a civil action.

We find that the respondent has shown sufficient reasons for refusing to grant the appeal, and therefore dismiss the complaint.

*C. Creighton,* for petitioner.

*Attorney-General W. O. Smith,* for respondent.